IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01295-BNB

RITA J. ERICKSON,

    Plaintiff,

v.

LT. LEE NEWBERRY, Colorado Department of Corrections, and
CAPT. SCOTT HAWKINS, Colorado Department of Corrections,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Rita J. Erickson is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Women's Correctional Facility in Cañon City, Colorado. She filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that her rights under the United States Constitution have been violated.

The Court must construe the complaint liberally because Ms. Erickson is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Erickson will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure.

Ms. Erickson asserts that on December 29, 2005, while she was working for the

prison maintenance crew, Defendant Lieutenant Lee Newberry pushed her when she was climbing into a large trash cart, causing her to fall head first into the cart. As a result, she alleges that she suffered neck, back, head, and spinal cord injuries. She further alleges that on December 30, 2005, Nurse Debbie Anderson, who is not a named defendant, gave her codeine for pain without checking her prison medical chart to see that she is allergic to codeine. As a result, she asserts that she suffered several hours of projectile vomiting, causing further pain to her injured neck, back, head, and spinal cord. She contends that she did not receive a medical examination until January 2, 2006, when she was taken to the prison medical office, fitted with a cervical collar, and taken by ambulance to the emergency room of St. Thomas Moore Hospital in Cañon City.

She asserts that at the hospital she received a CT scan that allegedly revealed severe compression and sprain in her neck and multiple muscle spasms. She alleges that she was administered a muscle relaxer, prescribed Flexeril, and returned to the DOC. She further alleges that on January 3, 2006, she was examined by prison physician Dr. Batista, who restricted her activities, including climbing stairs, a restriction she maintains is being violated by requiring her to live in an upper housing unit. She alleges that on January 23, 2006, she received seven shots of Lidocaine by nurse practitioner Mary Kay Carter to try to relieve Ms. Erickson's neck and back muscle spasms. On February 28, 2006, she received an MRI and on April 20, 2006, she was examined by a physical therapist and prescribed exercises for pain relief. On May 30, 2006, she was examined by Dr. Cabling and has since been referred to a Denver neurosurgeon. She complains that she continues to suffer from severe headaches,

blurred vision, neck and back pain, and extreme heaviness in her right side. On the basis of these allegations, she asserts two claims that her injuries could have been avoided (claim one) and that she was denied proper medical treatment after being injured (claim two).

Ms. Erickson fails to assert each defendant's role in the events leading to and subsequent to her injuries. As a result, she fails to assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Captain Scott Hawkins, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it appears that Ms. Erickson has failed to exhaust her claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and

3

offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Ms. Erickson is a prisoner confined in a correctional facility. The claims she asserts relate to prison conditions. Therefore, she must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Ms. Erickson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Ms. Erickson has failed to exhaust administrative remedies for any one of her claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Ms. Erickson and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. **See** DOC

Administrative Regulation 850-4, Grievance Procedure at IV.D. The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted. *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g. Although Ms. Erickson attaches copies of grievances she submitted through the DOC administrative-remedy procedure, the claims she raises in her grievances are not necessarily the same as the claims she asserts here. Therefore, Ms. Erickson will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure as to her asserted claims. In addition, it appears that she has not completed the grievance process because she has not yet received responses to her step-three grievances.

Finally, Ms. Erickson is advised that she must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Ms. Erickson should review her claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Ms. Erickson also supply the mailing address for each named defendant so that each defendant may be served. Simply informing the Court that one of her named defendants has been transferred to an undisclosed facility is insufficient. It is Plaintiff's responsibility to provide an address for each defendant so that the Court may served each defendant. Accordingly, it is

ORDERED that Ms. Erickson file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for

failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Erickson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Ms. Erickson submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that Ms. Erickson supply the mailing address for each named defendant so that each defendant may be served. It is

FURTHER ORDERED that, if Ms. Erickson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 18, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01295-BNB

Rita Erickson
Prisoner No. 124753
CWCF
PO Box 500 - Unit 6
Canon City, CO 81215-0500

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-18-06_

                        GREGORY C. LANGHAM, CLERK

                        By: _____
                                 Deputy Clerk